JOSEPH L. PERKINS & another *vs.* CYRUS STOCKWELL.

Worcester.   Oct. 6. — Nov. 23, 1881.   LORD & ALLEN, JJ., absent.

A deed of land from P. to S. contained the following clause: "Except reserving all the pine trees or pine timber thereon standing and to stand and grow thereon for the term of ten years from" a certain day, "and longer by paying said S. ten dollars per year after the expiration of the ten years." *Held,* that the right of P. to the pine trees and timber was lost by his failure to elect to have them stand and grow, longer, by any offer of payment to S. for more than a year after the expiration of the ten years named.

TORT for cutting and carrying away pine wood and timber. Writ dated January 17, 1880.   The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon an agreed statement of facts, the material parts of which appear in the opinion.

*H. C. Hartwell,* for the plaintiffs.

*S. Cady,* for the defendant.

DEVENS, J.   One provision in the deed of the plaintiffs of March 2, 1871, by which they conveyed a tract of woodland to the defendant, was as follows: " Except reserving all the pine trees or pine timber thereon standing and to stand and grow thereon for the term of ten years from October 30, A. D. 1867, and longer by paying said Stockwell ten dollars per year after the expiration of the ten years aforesaid, and said Stockwell is to pay all taxes assessed on said land and pine trees while said trees stand thereon, and not to injure said pines in getting off other timber on said premises."

In determining the rights of the parties, it will be convenient to consider the effect of the first portion of the clause, and

what right or estate was excepted or reserved thereby, and afterwards what was added thereto by the second portion thereof.

The distinction between an exception in a deed and a reservation is fully recognized. By an exception something is sepa- rated from and taken out of that which would be otherwise granted by the more general words, so that the deed does not operate upon that which is thus excepted. By a reservation, a new right is created in the thing granted which did not pre- viously exist, and is reserved to the grantor. Of reservations, rights of way or rent are common illustrations. By the deed, the whole estate is deemed to pass to the grantee, who then con- veys to the original grantor the new right or estate created by the reservation, which is thus an implied grant. The rules by which a reservation or implied grant are to be construed, are the same as those which govern an express grant. Whether a particular provision is intended to operate as an exception or reservation is to be determined by its character, rather than by the particular words used. Shep. Touch. 80. *Stockwell* v. *Couil- lard*, 129 Mass. 231. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 321. *Ashcroft* v. *Eastern Railroad*, 126 Mass. 196. Even if a reservation of all the trees and timber then growing, or which might thereafter grow, upon the land conveyed, might constitute an estate of inheritance which would be an exception from the grant, such would not be the effect of a reservation of so limited a character as that of a portion of the timber with the right only to have it stand for a definite period. *Liford's case*, 11 Rep. 46 *b*. *Howard* v. *Lincoln*, 13 Maine, 122. *Good- win* v. *Hubbard*, 47 Maine, 595. *Clap* v. *Draper*, 4 Mass. 266. *Putnam* v. *Tuttle*, 10 Gray, 48. A sale by deed of all the tim- ber standing on a parcel of land, the purchaser to have two years to take off the same, is a sale of only so much timber as the vendee may take off in that time. *Pease* v. *Gibson*, 6 Greenl. 81. *Reed* v. *Merrifield*, 10 Met. 155. So it was held in *Jude- vine* v. *Goodrich*, 35 Vt. 19, that, where there is a reservation of trees with a right to enter and cut the same within a limited time, the trees passed by the original grant, and no title was given in the property thus reserved, unless the same was re- moved within the time limited.

In *White* v. *Foster*, 102 Mass. 375, which was a case where a grantor had conveyed all the wood, timber and logs on a certain tract of land, provided that the same should be removed from the land within three years, it is suggested that the estate which the grantee acquired might be regarded either as giving full title to the trees, defeasible by failure to cut and remove the same within three years, or as giving to the grantee a leasehold estate in the premises for three years, with a right of appropriation to be exercised during the term. In either aspect, the estate of the grantee would have ceased at the end of the three years, and he could exercise no further right of appropriation. The first portion of the reservation clause in the deed before us only reserves the pine trees and pine timber, with the right to have the same stand and grow for ten years from October 30, 1867; but as there is an implied right to enter and remove the same within that period, so also it is implied that, if at the end of that period the pine trees and pine timber are not removed, the right reserved to the plaintiffs therein ceases.

It is necessary to determine, as that term expired some time before this action was brought, whether by virtue of the latter portion of the clause the plaintiffs still retained a right to the pine trees and pine timber. There was reserved thereby the right to have these stand and grow for a longer period by paying to the defendant ten dollars per year after the expiration of the said ten years. The plaintiffs made no offer of payment until more than a year had elapsed after the expiration of the ten years, which offer the defendant declined. Finally, more than two years after such expiration, the plaintiffs made a tender of the rent for the two years past and for the then current year, with interest thereon, to the defendant, which was also refused by him. The plaintiffs had a right to the pine trees and timber which terminated by its own limitation, unless they elected that the time should be extended, and indicated that election by payment. It was for them to determine at the end of the ten years whether they desired to secure the further right to which they were entitled. They could only do this in the mode prescribed by the reservation. Whether they should make their payment at the commencement or close of the year need not be considered, as no suggestion of payment was made until more than a year

after the expiration of the ten years. As it was to be an annual payment, they certainly could not postpone it beyond the year thereafter.

The argument of the plaintiffs treats their interest in the pine trees and timber as a leasehold estate, and contends that there could be no forfeiture thereof by non-payment of rent. But even if their estate were of this character, it expired by its own limitation with the ten years, unless something were done on their part to keep it alive. *Elliot* v. *Stone*, 1 Gray, 571. They were not thereafter tenants at sufferance holding over without payment of rent, and who, by the law of this Commonwealth, would be liable for payment of rent so long as they might occupy or detain the premises. Gen. Sts. *c.* 90, § 25. If at the end of the year the defendant had demanded rent, nothing was due from the plaintiffs except at their own option, and they were under no obligation to pay it. Nor could the defendant .enter upon them for non-payment of rent, nor was it necessary for him so to do in order to revest himself in his possession or estate. The defendant was in possession already, and he could make no entry either absolute or constructive. The plaintiffs had the right to enter for the purpose of cutting the pine trees or timber until this right was put an end to by the determination of the lease, but they had no right to oust or disturb the owner at any time. *Reed* v. *Merrifield*, *ubi supra*. The defendant had every other beneficial interest in the land or its issues, being bound only not to injure the pines in getting off the other timber.

The plaintiffs further contend that, no time being named for the payment of rent, there was an offer and tender of payment of rent within a reasonable time, as the trees were not of the proper size to cut. Where there is a reservation of wood and timber with the right to remove the same, it is implied that the removal shall be made within a reasonable time. *Hill* v. *Hill*, 113 Mass. 103. If the reservation had been of wood and timber which was to be permitted to stand and grow indefinitely, it might be argued that it should be allowed to stand and grow so long at least as to make it merchantable; but when a definite time is fixed within which its growth is permitted without payment, and longer only by payment of rent, the plaintiffs could not expect to hold the defendant bound by the reservation, if

they delayed their election beyond the year after the expiration of the original term.

The result is, that the plaintiffs cannot maintain an action of tort against the defendant for cutting and carrying away the pine trees and timber, their right therein having expired.

*Judgment for the defendant.*