## J. F. BATEMAN v. KRAMER LUMBER COMPANY.

(Filed 1 March, 1911.)

**1. Timber Deeds—Time to Cut and Remove—Determinable Estate.**
Deeds for standing timber, with their usual provisions, convey to the grantee an estate in fee in the timber, determinable as to all the timber not cut and removed within the stipulated period.

**2. Same—Extension.**
The provision as to an extension of time in a timber deed, when properly taken advantage of and made available, permits the grantee to cut and remove, for the period of time covered by the extension, the timber therein conveyed.

BATEMAN *v.* LUMBER CO.

### 3. Same—Option—Unilateral Contract—Strict Construction.

A provision in a timber deed granting an extension of time for cutting and removing the timber from the lands described, upon condition of a certain payment to be made by the grantee, is unilateral in its obligations, partaking, to some extent, of the nature of an option, in which time is ordinarily of the essence, and should be strictly construed.

### 4. Same—Notice—Tender.

A deed to standing timber stated that the grantees "shall have a term of two years in which to cut and remove said timber, and in the event they do not get it off in that time they shall have one year thereafter in which to remove the same by paying to the party of the first part interest on the purchase money for said extension of time." Subsequently, the plaintiff purchased the land whereon the timber was situated, and had his deed duly registered six months before the expiration of the two-year period set out in the timber deed. There being no evidence that the defendant notified the owner of the land that he would avail himself of the provision for the further extension of one year, or that he tendered the payment of the interest required for the exercise of that privilege: *Held*, he had lost the right to avail himself thereof, and his cutting and removing the timber specified in the deed after the two years had elapsed was unlawful.

### 5. Appeal and Error—Instructions—Entire Record—New Trial—Procedure.

When the charge of the trial court is erroneous in respect to that part excepted to by the defendant, and the entire evidence relative to the inquiry is before the court, from which it is perfectly apparent that in no aspect of it is there any defense available, a new trial will not be granted.

APPEAL from *J. S. Adams, J.,* at November Term, 1910, of TYRRELL.

Civil action to recover damages for wrongfully cutting timber on lands of plaintiff. There was evidence to show that on 1 October, 1906, Enoch Bateman sold and conveyed to defendant company the standing timber on a certain tract of land in Tyrrell County, the deed therefor containing the following stipulation concerning the cutting and removing of the timber: "It is expressly understood and agreed that the party of the second part, its successors and assigns, shall have a term of two years in which to cut and remove said timber, and in the event they

BATEMAN *v.* LUMBER CO.

do not get it off in that time they shall have one year's time thereafter in which to remove the same by paying to the party of the first part interest on the purchase money for said extension of time. It is further understood and agreed that the party of the second part, its successors and assigns, shall have, with their servants, agents, and employees, teams, carts, and other appliances, right of ingress, egress, regress to, in, and across said land, for the purpose of cutting and removing said timber or other timber which they may own upon other and contiguous or adjoining tracts. And shall also have the right to build upon said land any or all necessary buildings, stables, camps, or other shelters for the purpose of properly prosecuting the work of cutting and removing the timber above referred to, or which may be convenient or necessary for said work. To have and to hold all of the above-described timber rights and privileges to the said party of the second part, its assigns, for and during the time specified, or extension thereof, as above specified." That on 9 March, 1908, six months or more before the two years had expired, Enoch Bateman conveyed the tract of land, with all the rights and privileges thereon, to plaintiff, J. F. Bateman. That a few trees were cut a short time before the expiration of the two-year period, but the great bulk of the timber was cut and removed after the two years had expired, plaintiff testifying that all cutting after the two years had been done after notice and protest on his part. Among other things, the court charged the jury: "That the extension clause of the contract in this case gave in any event only the right to remove after the two years expired what had been cut during the two years. It could give no right to cut after the two years had expired." There was verdict awarding damages for timber cut after period of two years. Judgment on the verdict, and defendant excepted and appealed.

*M. Majette and W. M. Bond for plaintiff.*
*E. F. Aydlett and J. C. B. Ehringhaus for defendant.*

HOKE, J., after stating the case: We have held in many recent decisions that deeds of this character by correct interpretation convey to the grantees an estate in fee in the timber,

determinable as to all of the timber not cut and removed within the stipulated period. *Hornthal v. Howcott, ante,* 228; *Midyette v. Grubbs,* 145 N. C., 85; *Mining Co. v. Cotton Mills,* 143 N. C., 308; *Lumber Co. v. Corey,* 140 N. C., 467; *Hawkins v. Lumber Co.,* 139 N. C., 162. It has been held further, that in conveyances and contracts of this kind, considering the general purport of the instrument, the character and extent of the property, and the time allowed and required for the purpose, the provision as to the extension of time, when properly taken advantage of and made available, permits the grantees to both cut and remove, for the period covered by the extension, this being the clear intent of the parties. *Lumber Co. v. Smith,* 150 N. C., 253. There was error, therefore, in the ruling of the court below, "that the extension claim of this contract gave only the right to remove, but not to cut, after the two years had expired." We are of opinion, however, that the results of the trial should not be disturbed on this account, for the reason that in no aspect of the evidence has the defendant shown any right to avail itself of the stipulation as to the extension of time, and therefore any and all cutting and appropriation of timber, after the two years specified, constituted a wrongful invasion of plaintiff's rights. The provision in question, conferring as it does a privilege, and unilateral in its obligation, partakes to some extent of the nature of an option, in which time is ordinarily of the essence, and the accepted doctrine in reference to this and other instruments containing the same and similar language is that they should be strictly construed. *Product Co. v. Dunn,* 142 N. C., 471; *Alston v. Connell,* 140 N. C., 485; *Estes v. Furlong,* 59 Ill., 298; *Dyer v. Duffy,* 39 W. Va., 148; *Mason v. Payne,* 47 Mo., 517; 21 A. and E. (2d Ed.), 931. In this last citation it is said: "There is, moreover, a strong inclination on the part of the courts to view any delay with great strictness, on the ground that the party seeking to enforce performance was not bound, while the other party was bound." In the case of *Estes v. Furlong, supra,* the Court recognizes the general proposition that "when a contract is in anywise unilateral, the Court will regard any delay on the part of the purchaser with especial strictness," etc. Applying the

principle, we are of opinion, and so hold, that the stipulation in this instrument, "That the parties shall have two years in which to cut and remove the timber, and in the event they do not get it all off in that time, they shall have one year's time thereafter in which to remove the same, by paying to the party of the first part interest on·the purchase money for said extension of time," by correct interpretation requires that on or before the expiration of the specified period of two years the grantees claiming the privilege should notify the owner of the property and tender the stipulated amount. We have held in a case at the present term, *Hornthal v. Howcott, supra,* that when the estate in the timber determines, certainly in the absence of clear and express provision to the contrary, it does so in favor of the owner of the land, *Associate Justice Allen* succinctly stating the principle as follows: "The defendants in this case are grantees of the premises, under a deed from plaintiffs, and we conclude that the legal effect of that deed is to convey to the defendants the land and all the timber thereon not cut and removed by the Roper Lumber Company within four years from the date of the deed." In the present case there is no evidence which shows or tends to show that any tender of this interest was ever made to plaintiff, who was owner of the land when the period of two years expired, and had been for more than six months. There is no evidence which shows or tends to show that any tender was ever made to Enoch Bateman, plaintiff's grantor, prior to the execution of the deed to plaintiff or prior to its due and proper registration in August, 1908. We incline to the opinion that there is no testimony, deserving of serious consideration, that any tender of this interest was ever made to Enoch Bateman, himself, until some time after the two years had expired, and such a tender, by authority, would be too late even if Enoch Bateman had been the proper person. *Product Co. v. Dunn, supra.* True, Mr. C. E. Kramer, an officer of defendant company, when he first testified to this point, stated that he had authorized such a tender through D. P. White, a foreman, a few days prior to 1 October, 1898, the date when the specified time expired, but when shown the check which, it was claimed, constituted the tender, he very properly requested to be allowed to

take the stand again to say that he was mistaken about the time of the tender, and that it was on 15 October, two weeks after the time had expired. It appears, also, that a witness by the name of R. A. Jennings had testified that the check had been offered on 18 September, but in the light of the date of the check and the admissions of C. E. Kramer as to the date, it is evident that this witness too was mistaken; but, without deciding whether there was any testimony of a tender to any one, prior to 1 October, there is, as stated, no claim or evidence tending to show that any tender was ever made to J. F. Bateman, plaintiff and then owner of the property. The entire testimony relevant to the inquiry was before the court, and while there was error in the charge, as stated, it being perfectly apparent that in no aspect of it is there any defense available, our decisions are to the effect that in such case a new trial should not be granted. *Cherry v. Canal Co.,* 140 N. C., 422, 426. In that case the Court quotes, with approval, from 2 A. and E. Pl. and Pr., p. 500, as follows: "This system of appeals is founded on public policy, and appellate courts will not encourage litigation by reversing judgments for technical, formal, or other objections which the record shows could not have prejudiced appellant's rights," and citing *Butts v. Screws,* 95 N. C., 215; *Ratliff v. Huntly,* 27 N. C., 545; *Fry v. Bank,* 75 Ala., 473, in support of the principle as stated. We find no reversible error in the record, and the judgment of the court below is affirmed.

No error.

WALKER, J., concurs in result.