HANSON POWERS v. ANGOLA LUMBER COMPANY.

(Filed 22 March, 1911.)

**Timber Deeds—Right to Remove—Consideration—Payment—Title to Remaining Timber—Interpretation of Deeds.**

A timber deed provided that all timber shall be removed by the grantee within a period of five years from the date of the last payment of the purchase money, and that an extension for that purpose would be allowed upon payment of interest on the purchase price "each year in advance": *Held,* a tender of the interest not made within the time specified in the deed is insufficient, and by his failure to make the required tender the grantee lost his right to the extension of time within which to remove the timber, and his interest in the timber remaining upon the land.

APPEAL from *Whedbee, J.,* at September Term, 1910, of PENDER.

This is an action to recover damages for cutting timber on the land of the plaintiff, and to restrain the defendant from further trespassing thereon.

On 16 June, 1900, the plaintiff, in consideration of $350 in cash and of $350 to be paid on or before 1 May, 1901, conveyed to the Angola Lumber Company, to whose rights the Carolina Timber Company succeeded, "all the pine timber, both standing and fallen, of the dimensions of 12 inches or more in diameter at a distance 12 inches from the ground, or which shall attain such size at any time within the period of five years from the date of the payment of the last installment of the purchase money above set forth."

It was further provided in the conveyance: "That all of said timber shall be removed by the said party of the second part, its successors and assigns, within a period of five years from the date of the payment of the last installment of the above-mentioned purchase money; but the said party of the second part may have such additional time as they may desire by the payment each year in advance of an amount equal to 6 per cent interest on the full amount of the purchase money hereinbefore mentioned."

The last installment of the purchase price was paid in September, 1900.

The following issues were submitted to the jury:

1. Is the plaintiff the owner of and in possession of the lands described in the complaint?

2. Did the defendants, in accordance with the timber deed introduced in evidence from Hanson Powers and wife to the Angola Lumber Company, tender to the plaintiff the sum of $42 on or before the first day of May, A. D. 1906?

3. Did defendants after the first day of May, 1906, and on or before the first day of May, 1907, tender to the plaintiff the sum of $42, in accordance with the provisions contained in deed introduced in evidence?

4. Did defendants wrongfully and unlawfully enter upon the lands described in the complaint and cut and remove the timber therefrom as alleged in the complaint?

5. What is the value of the timber cut from said lands after 1 May, 1906, to wit, in November, 1907?

The court charged the jury that if they should answer either the second or third issue "No," then they should answer the fourth issue "Yes."

The defendants excepted to this charge.

The jury answered the first issue "Yes"; the second issue "Yes"; the third issue "No"; the fourth issue "Yes"; and the fifth issue "$25."

The defendants moved for judgment on the verdict, which motion was denied, and the defendants excepted.

The defendant did not contend that the first tender was made before 28 April, 1906, or that the second tender was made before 15 May, 1907. The defendant did not enter and begin to cut until November, 1907.

There was a judgment in favor of the plaintiff, from which the defendant appealed.

*E. K. Bryan and A. K. Powers for plaintiff.*
*J. T. Bland and A. G. Ricaud for defendant.*

ALLEN, J., after stating the case: The last installment of the purchase price was paid in September, 1900, and the deed

says, "All of said timber shall be removed within a period of five years from the date of the last installment of the above-mentioned purchase money." It follows that the right to remove under this clause of the deed expired in September, 1905.

We have held at this term in *Hornthal v. Howcott, ante,* 228, speaking of a timber deed like this: "It is well settled, on principle and by authority, that the legal effect of the instrument is that the vendor thereby conveyed to the vendee all of the trees and timber on the premises which the vendee should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to the vendor or to his grantee of the premises."

The tender was made too late to give the defendant the benefit of the extension clause.

In *Bateman v. Kramer Lumber Co., ante,* 248, a similar provision was under consideration, and it is there said: "The stipulation in this instrument, 'that the parties shall have two years in which to cut and remove the timber, and in the event they do not get it all off in that time, they shall have one year's time thereafter to remove the same, by paying to the party of the first part interest on the purchase money for said extension of time,' by correct interpretation requires that on or before the expiration of the aforesaid period of two years the grantees claiming the privilege should notify the owner of the property and tender the stipulated amount."

This case is stronger in favor of the plaintiff because it is in the deed that in order to be entitled to the extension the interest must be paid "each year in advance."

The defendants have failed to pay or tender payment within five years from the payment of the last installment of the purchase money, and have lost their rights under said deed.

No error.