8056

HILL v. E. P. BURTON LUMBER CO.

1. REAL PROPERTY.—A TIMBER deed giving the right to grantee to enter and remove the timber within ten years gives title to the timber for that time only and grantee has no right to enter for the purpose of cutting and removing after that time.

2. IBID.—UNDER A DEED CONVEYING THE TIMBER on a certain tract in consideration of a certain sum to be paid annually in advance of a specified date for a series of years with a proviso that grantee could surrender his rights at will and that a failure to pay as provided shall be deemed such surrender, failure to pay as stipulated forfeits the rights of grantee and tender of amount due and interest does not reinstate him.

Before MEMMINGER, J., Berkeley, March term, 1911. Affirmed.

Action by J. K. Hill against E. P. Burton Lumber Company. Defendant appeals.

*Messrs. Nathans & Sinkler,* for appellant, cite: *Grantee acquired fee simple title to timber:* 12 Rich. 37; 80 S. C. 160. *Such title could only be divested by instrument of like class:* 3 Wash. C. P. 347; Code 1902, 2651; 15 S. C. 33.

*Messrs. E. J. Dennis* and *W. A. Holman,* contra, cite: *On construction of the contract:* 12 Rich. 320; 80 S. C. 109; 6 L. R. A. (N. S.) 468; 3 L. R. A. (N. S.) 651; 55 L. R. A. 513.

December 13, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiff brought this action for injunction and damages for unlawful trespass by cutting down and preparing to remove all the pine timber from his land. The defendant claimed the right to cut and remove all the pine timber under deeds of plaintiff granting same.

The case was tried before Judge Memminger and a jury, which resulted in a verdict for twenty-five dollars damages in favor of plaintiff and a perpetual injunction against defendant from entering the premises, cutting and removing the timber.

The defendant appeals upon exceptions which in all material particulars are controlled by the construction to be placed upon the deeds under which it claimed the right to remove the timber.

It appears that on the 29th day of June, 1899, the plaintiff, being owner in fee of a tract of land in Berkeley county, S. C., known as Irishtown, containing two thousand acres, executed his deed, in consideration of $960 to certain named copartners as E. P. Burton and Company, conveying "all of the pine, oak and poplar timber" on said tract, "except on two hundred acres thereof," with the right and privilege for and during the period of ten years from this date through their agents and servants to enter said land or any other lands owned by me, the said J. K. Hill, and to pass and repass over the same at will on foot or with teams and conveyances to cut and remove the said timber herein conveyed to have and to hold the said pine, oak and poplar timber unto the said Edward F. Henson, Elliott H. Burton, and Maurice C. Burton, copartners as E. P. Burton and Company, their heirs and assigns in fee and the said rights and privileges for and during the periods of the time above named."

By deed dated November 26, 1904, E. P. Burton and Company conveyed all their interest under the above deed to the plaintiff, E. P. Burton Lumber Company, a corporation under the laws of this State.

We construe the deed of June 29, 1899, as granting a fee in the timber defeasible upon failure to remove the same within ten years. The intention to limit the right to cut and remove the timber to ten years from

the date of the deed is so clearly expressed that there is no room for doubt.

The contention of appellant that the deed conveys a fee simple title to all of the timber described with right of removal at the pleasure of the grantees is opposed to the principle of construction applied in the recent case of *Flagler* v. *A. C Lumber Corporation,* 89 S. C. 328, and is not supported by the cases of *Knotts* v. *Hydrick,* 12 Rich. 314, and *Wilson Lumber Co.* v. *Alderman Sons Co.,* 80 S. C. 106, 61 S. E. 217, in which there were no words in the deed limiting the time within which to remove the timber.

"The authorities are practically uniform in holding that an instrument granting standing timber and containing a clause requiring or permitting it to be removed within a specified time from the date of the grant gives no absolute and unconditional title to the property. Some Courts hold the right of the grantee to be a license others a lease and others a defeasible title to the timber. By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract." *Adkins* v. *Huff,* 52 S. E. Rep. 773, 3 L. R. A. (N. S.) 649, citing numerous authorities in the case and case note. See also *McRae* v. *Stillwell,* 111 Ga. 65; 55 L. R. A. 513, and case note at page 526, and *Lumber Co.* v. *Carey,* 140 N. C. 462, 6 L. R. A. (N. S.) 469, and case note.

As the ten year limit for removal of timber under the above deed of June 29, 1899. expired June 28, 1909, it is clear that such deed affords no warrant for the acts of alleged trespass charged and admitted to have been committed on January 8, 1910.

It appears further that on September 14, 1907, the plaintiff, in consideration of two hundred and fifty dollars to be paid annually in advance, commencing on 28th June, 1907,

for the term of five years, executed another convey-
ance to the defendant of all the timber on said tract
excepting one hundred acres of specified dimension
with rights of way, to have and to hold the timber and rights
of way for the full term of five years from the 28th day of
June, 1909. This deed recites that it was provided in the
deed of June 29, 1899, that said timber should be cut and
removed within ten years from the date thereof and said
rights of way should cease at the end of ten years from the
date of the deed, and further states that this agreement is
supplementary to the agreement of June 29, 1899, which is
to remain in force until the termination of the ten years
therein set forth.

The deed of September 14, 1907, contains this important
provision: *"Provided, however,* That if at the expiration of
any year during the five years as aforesaid the said E. P.
Burton Lumber Company, its successors, shall desire to sur-
render its or their rights hereunder, it or they shall have the
right so to do, and a failure to pay the two hundred and
fifty dollars per annum as above provided shall be deemed
such surrender, and the rights of the grantee herein shall at
once cease and determine."

It is not disputed that the testimony showed that on the
28th day of June, 1909, the date of the first payment, the
defendant failed to pay the $250, but on October 11, 1909,
this sum was tendered to plaintiff with interest which tender
was refused, and again on June 11, 1910, tender was again
made of $260, including interest, and the further sum of
$250 which would become due on June 28, 1910, which
amounts were refused.

Judge Memminger, construing this deed of September
14, held that the payment of $250 was to be made in advance
beginning June 28, 1909, and that a failure to make such
payment would forfeit or terminate the contract. The
appellant contends that a payment at any time before the
expiration of the year beginning June 28, 1909, would be

within time. We think the Circuit Court was correct. The express stipulation is that payment shall be made annually in advance beginning June 28, 1909, and that a failure to so pay works a surrender and terminates the rights of the grantee.

These views practically dispose of all material questions raised by the expections.

The judgment of the Circuit Court is affirmed.

Mr. Justice Woods *did not sit in this case.*