### L. A. ROUNTREE AND RUFUS EASON v. THE COHN-BOCK COMPANY.

(Filed 21 February, 1912.)

1. **Deeds and Conveyances—Timber—Period to Cut—Interpretation.**
    A deed conveying standing timber on the lands described within a time specified conveys only the timber removed by the vendee within that period, and the timber then remaining belongs to the grantor or his assigns.

2. **Same—Extension—Notification—Conditions Precedent.**
    When, in a deed conveying standing timber upon lands to be cut and moved in a certain period of time, there is a clause extending, upon the payment of a stipulated price, the time for a certain other period, the grantee, claiming the privilege, must notify the grantor of his intention to exercise it before or at the expiration of the time allowed within which the timber should have been removed, and pay or tender the amount named for the right of this extension.

3. **Same—Additional Provisions.**
    The grantee of standing timber failed or omitted to notify the grantor of his intention to take advantage of the extension of time beyond the first period named, and to pay or tender the

amount specified for the exercise of this privilege, and relied upon a clause in his deed reading that "the said parties of the second part, their heirs and assigns, shall have power and are hereby authorized at any period last aforesaid to enter upon the lands," etc.: *Held*, this clause does not have the effect of waiving any of the conditions necessary to make the extension clause effective, but defines what may be done under it after the conditions are performed.

APPEAL from *Cline, J.,* at Fall Term, 1911, of CHOWAN.

This is an action to restrain the defendant from entering upon certain land, and cutting timber thereon.

The defendant claims under a certain timber deed, executed by the plaintiffs on 9 September, 1904, to the Gay Lumber Company, which conveyed certain timber on said land, and contained the following provisions:

"The said parties of the second part shall cut and remove the timber hereby bargained and sold and conveyed within five years from date of contract. And should said second parties be unable to remove said timber within the time above specified, they shall have further time to remove said timber as they may require, not exceeding three years, upon payment to said parties of the first part of a sum equal to 6 per cent per annum for the additional three years of time required on the purchase price as above stated.

"The said parties of the second part, their heirs or assigns, shall have power, and are hereby authorized, at any time during period last aforesaid, to enter upon the lands above described for the purpose of cutting, removing, or doing whatsoever they may elect with the timber hereby conveyed, and are hereby authorized and empowered to build and construct such roads, tramroads, or railroads over and across the above described lands or any other lands owned by them, and may use such brush, trees, and undergrowth upon said lands as they may need in the construction of said road, tramroads, and railroads, and are hereby empowered to exercise full, perfect, and absolute ownership and control of the same to prosecute each and every person cutting or removing said timber, or in any manner interfering with it, whereby its growth will be affected, or its value depreciated."

There was no tender of any amount to the plaintiffs under the extension clause in the deed, until more than five years after the execution thereof.

There was a judgment for the plaintiffs, and the defendant excepted and appealed.

*Ward & Grimes for plaintiff.*
*L. L. Smith for defendant.*

ALLEN, J. It is well settled that the legal effect of the first clause in the deed to the Gay Lumber Company, conveying the timber with the right to remove the same in five years, is to convey all the timber which the vendee should remove within the prescribed time, and that such as remained thereon after that time would belong to the vendor, or to his grantee of the premises. *Hornthal v. Howcott,* 154 N. C., 228; *Powers v. Lumber Co.,* 154 N. C., 407:

It was also decided in *Bateman v. Lumber Co.,* 154 N. C., 248, that the correct interpretation of a clause extending the time within which the timber may be removed requires of the grantee, claiming the privilege, that he notify the owner of the property of his intention to exercise it, and that he pay or tender the stipulated amount on or before the expiration of the first period granted for the purpose of removal of the timber.

It follows, therefore, from these authorities and upon the admissions, that no notice was given to the grantors in the deed to the Gay Lumber Company of an intention to exercise the privilege of extending the time for the removal of the timber, and that no money was paid or tendered on or before the expiration of the first period; that the defendant has no title to nor interest in the timber unless there is something in the deed which requires the application of a different doctrine.

The defendant contends there is a clause in the deed, not to be found in any of the timber deeds considered by this Court, which distinguishes it from the cases cited, and relies upon that part providing that "The said parties of the second part, their heirs and assigns, shall have power, and are hereby authorized, at any time during period last aforesaid, to enter upon the lands," etc.

In our opinion, that clause does not have the effect of waiving any of the conditions necessary to make the extension clause effective, but does define what may be done under it after the conditions have been performed.

The "period last aforesaid" has never had any existence, because of failure to give notice, and to pay or tender the stipulated amount, and the defendant cannot justify an entry on the lands thereunder.

We therefore conclude that there is no error in the judgment restraining the defendant from entering on said lands and cutting the timber therefrom.

Affirmed.