W. J. DOWNING LUMBER COMPANY v. JOHN T. RILEY ET ALS.

(Filed 15 October, 1913.)

**Deeds and Conveyances—Timber Deeds—Reservations—Conflicting Rights—Merger.**

> The owner of lands conveyed the timber thereon to A., under whom defendant claims, down to 12 inches in diameter, and thereafter conveyed the lands to D., who conveyed the timber thereon to the plaintiff down to 10 inches in diameter. Thereafter, with a reservation in his deed of the timber above 10 inches at the base, which he had conveyed to plaintiff, he conveyed the land to C., who conveyed it to the defendants. The defendants' right to cut the timber expired in 1909, and the plaintiff's right to do so in 1913: *Held,* (1) when the defendants acquired the title to the lands, it was subject to plaintiff's unexpired right to cut the timber thereon, subject to the defendants' prior right, which expired in 1909, and, therefore, from that time up to 1913 the plaintiff had full right to cut the timber; (2) the merging of the two interests acquired by defendant in the purchase of the lands could not affect the plaintiff's right to cut the timber for the period stated, as he had theretofore acquired it, and it was expressly excepted from defendants' deed to the land.

APPEAL by defendant from *Justice, J.,* heard by consent at chambers, 28 May, 1913, from ONSLOW.

Civil action to settle title to a lot of timber, heard upon case agreed. From a judgment for the plaintiff, defendant appealed.

*J. O. Carr, Frank Thompson for plaintiff.*
*Duffy & Koonce, Herbert McClammy for defendant.*

BROWN, J. The land originally belonged to one G. E. Simmons, who sold the timber thereon, down to 12 inches in diameter, to the Angola Lumber Company, by deed dated 23 September, 1899, and gave the company ten years within which to cut it.

This timber was conveyed through mesne conveyances to defendants. The time for cutting it expired 23 September, 1909.

On 11 December, 1899, Simmons conveyed the land upon which the timber grew to E. W. Dixon. On 14 December, 1905, E. W. Dixon and wife conveyed all of the timber, down to 10 inches in diameter, situated upon said land, to the plaintiff, and gave it eight years within which to cut.

On 22 March, 1907, Dixon conveyed said lands upon which the timber was then standing and uncut to Sanders & Costin, who conveyed to defendants on 5 February, 1907.

After describing the two tracts of land conveyed therein, the deed from Dixon to Costin contains this exception: *"Provided, that the timber on said lands is hereby excepted above 10 inches at the base, also one acre excepted for burial purposes near the Mill Creek Crossing, where the graveyard is. The exemption of the timber mentioned in this deed is only for the time that the timber men hold option for them, to be good to the parties of the second part mentioned in the deed."*

It is contended that when the defendant acquired title to the land upon which the Angola timber grew (the time within which it must be cut not having then expired), there was a merger of the two interests. This would be generally true. *Rountree v. Cohn-Beck Co.,* 158 N. C., 153; *Lumber Co. v. Brown,* 160 N. C., 291.

But the deed from Dixon to Sanders & Costin excepted the timber theretofore conveyed from its operation. Consequently there could be no merger, for the ownership of the timber and the land did not unite in one person.

Dixon had thereby conveyed all the timber on same land, down to 10 inches, to plaintiff. This, of course, was subject to the prior right of the Angola deed.

This Angola timber was not cut when the ten years expired, 23 September, 1909. Inasmuch as by reason of the exception

in the Costin deed the defendant acquired no further title or right to the Angola timber than he already possessed when the ten years expired, defendant's right to cut the timber expired with it.

As plaintiff's timber deed from Dixon conveys "all the pine, oak, and poplar timber of and above the size of 10 inches at the base when cut," and as the eight years time limit in that deed did not expire until 14 December, 1913, the plaintiff became the owner of all of such timber growing on the land after 23 September, 1909, and has the right to cut and remove the same up to 14 December, 1913. If the defendants cut and removed any of such timber after 23 September, 1909, they are liable to plaintiff for its value.

Affirmed.