## Richmond

HARTLEY AND OTHERS V. NEAVES AND OTHERS.

January 27, 1915.

Absent, Keith, P., and Kelly, J.*

1. LOGS AND LOGGING—*Timber Contracts—Fixed Period to Cut and Remove—What Passes—Conditions.*—A deed conveying standing timber to be cut and removed within a fixed period does not convey an absolute and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period. The provision for cutting and removing within a fixed period is not a covenant but a condition.

2. LOGS AND LOGGING—*Timber Contracts—Extension of Time—Notice and Payment.*—Under a timber contract allowing a purchaser a certain additional time within which to cut and remove timber "upon the payment of fifteen dollars a year for the said additional time," if the purchaser desires to have the additional time, he must notify his vendor of his intention to claim the extension, and pay or tender the price agreed for the extension on or before the expiration of the first period fixed for the cutting and removal.

Appeal from a decree of the Circuit Court of Dinwiddie county, in a suit in chancery wherein appellants intervened by petition. Decree for the defendants. Petitioners appeal.

*Affirmed.*

The opinion states the case.

*Charles E. Plummer,* for the appellants.

*Richard H. Mann* and *Robert G. Bass,* for the appellees.

* Argued before Judge Kelly's term began.

CARDWELL, J., delivered the opinion of the court.

In a suit instituted by Henry C. Neaves against the other heirs of Hadrian A. Neaves and Mary A. Neaves, his wife, both deceased, pending in the Circuit Court of the county of Dinwiddie, having for its object the partition, allotment or sale of two tracts of land located in Dinwiddie county, one a tract of 266 acres, and the other a tract of 113 acres, belonging to the parties to said suit, E. A. Hartley and R. B. Hartley intervened by petition claiming to own the timber on the 113 acre tract by virtue of a deed dated July 5, 1905, executed by Mary A. Neaves and her two living children and their wives, viz., H. C. Neaves and Ellie Neaves, his wife, J. W. Neaves and Minnie Neaves, his wife. To this petition all of the descendants of the said Mary A. Neaves, deceased, were made parties defendant.

Mary A. Neaves acquired this tract of land under the will of her father, John M. Baugh, she to receive the profits therefrom during her natural life and at her death the land was to become the property of her children then living. The said H. C. Neaves and J. W. Neaves were the only children of Mary A. Neaves living at her death, and the circuit court, upon a hearing of the cause upon the petition filed therein by E. A. Hartley and R. B. Hartley, having for its object the construction of the aforesaid deed dated July 5, 1905, and to have the court decree against Henry C. Neaves and Ellie Neaves, his wife, and J. W. Neaves and Minnie Neaves, his wife, "requiring of them specific performance of the covenant to grant additional time in which to cut and remove said timber," *held,* that the grantors in the said deed were the owners of the entire tract of 113 acres of land at the time the deed was made, and, therefore, conveyed at that time a title to the timber standing on the land to the grantees named in the deed, but further held that said grantees were not entitled to the

timber after the expiration of the first five-year period mentioned in the deed, which expired on July 5, 1910, on account of their failure to pay the extension money for the additional time desired on or before July 5, 1910.

Petitioners, E. A. and R. B. Hartley, complaining of this latter ruling, applied for and obtained this appeal, praying that the decree of the circuit court may to that extent be reviewed and reversed by this court.

The provisions of the deed in question, which belongs to that class of conveyances now commonly known and spoken of as "timber contracts," in so far as they are pertinent to this inquiry, are as follows: "It is agreed that the parties of the second part shall have five years in which to cut and remove the said timber, and shall have free ingress and egress over and upon said land for the purpose of removing said timber. It is also agreed that additional time, not to exceed five years, will be granted to the parties of the second part for removal of said timber upon the payment of fifteen dollars a year for the said additional time."

None of the timber was cut during the first period of five years, which expired on July 5, 1910, and no indication is claimed to have been given of a desire on the part of the grantees in the deed, appellants here, to obtain further time within which to cut and remove the timber, nor any offer made to pay the money required for such extension until sometime in October, 1910, or more than ninety days after the expiration of the first five year period. In October, 1910, a conversation was had by one of the appellants, R. B. Hartley, with J. W. Neaves, one of the appellees, with reference to an extension of the time within which to cut and remove the timber; but the latter declined to receive the extension money or to grant any additional time, saying that the entire estate was in the hands of counsel for settlement, and it would be discourteous to receive the money. Whether or not he would have received the money

if the settlement of the estate had not been in the hands of counsel is immaterial.

The errors assigned in the petition for this appeal are: (1) That the circuit court erred in construing this timber contract to be a contract to grant additional time within which to remove the timber from the land, on condition that payment for such additional time was made or tendered on or before the 5th day of July, 1910; (2) that it was error to declare a forfeiture of the timber for failure to pay or tender on or before July 5, 1910, the extension money provided for in said contract, even though the payment or tender on or before the time mentioned be regarded as a condition precedent.

In our view of the case it will be unnecessary to consider the second of these assignments of error, for the reason that the law, whatever it may be, with regard to the policy of courts of equity to relieve against the consequences of a failure to perform conditions stipulated in a contract, whether precedent or subsequent, has no application to this case. The decree complained of does not declare a forfeiture of the timber in question to grantors in the timber contract, but simply adjudged and decreed that the grantees had no title to or interest in the timber after the expiration of the period of five years within which to cut and remove the same, they having failed to comply with the terms and conditions upon which they alone would have had a right to further time within which to cut and remove the timber.

In *Young* v. *Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843, and *Wright* v. *Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843, the construction of instruments such as is in question here was carefully examined, and the conclusion reached that a deed to standing timber, with the right for a fixed period to cut and remove the same, does not convey an absolute

and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period.

The conclusion reached in the cases just cited as to the character and effect of such contracts was approved and followed in the later cases of *Brown* v. *Surry L. Co.*, 113 Va. 503, 75 S. E. 84, *Quigley F. Co.* v. *Rhea*, 114 Va. 271, 76 S. E. 330, and in the more recent case of *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, where the preceding cases were reviewed, the opinion by Buchanan, J., saying: "While the facts in those cases and in this as to what had been done under the contracts or deeds were different, the character of the contract in each was substantially the same. Those cases would seem, therefore, to settle, if decisions can settle a question, that the provisions in such contracts for the cutting and removal of the timber within a fixed period are not covenants but conditions."

In *Wright* v. *Camp Mfg. Co., supra,* it is said: "By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract."

The controversy here depends upon the meaning of the words in the contract: "It is also agreed that additional time not to exceed five years will be granted to the parties of the second part for removal of said timber upon the payment of fifteen dollars a year for the said additional time."

It is the contention of appellants that, under a proper construction of the contract, the estate in the timber, so long as it remains on the land, is limited to ten (10) years —not to five—there being no condition or limitation contained in the contract to defeat the estate other than the limitation of the time for cutting, which is fixed at ten years. As supporting this contention the cases of *Ciapusci* v. *Clark*, 12 Cal. App. 44, 106 Pac. 436, and *Perkins* v. *Stockwell*, 131 Mass. 529, are cited.

In the first-named case the contract recited the sale of all timber growing on certain land for a stated price, and gave the purchasers "four years to take said timber off of said land, with the privilege of a longer time by paying the sum of $5.00 rent in advance for a time not exceeding ten years from date of this agreement," and the court, taking the view that the word "rent" was to be given some significance, and as rent usually was payable on the last day of the term, held that the stipulated sum for the extension of the time limit could be paid as rent, saying: "Regarding the $5.00 as rent, there could be no forfeiture under this agreement without demand by the plaintiff of the rental sum upon or after the last day given the lessee on which to pay."

The court in that case, as do all the decisions of that court construing timber contracts, holds that there may be an absolute title in timber granted, and the specified time to remove is merely a covenant. There is, therefore, such a conflict with the doctrine declared by the decisions of this and other courts with respect to such contracts that the rule of construction followed by the California court, in the case of *Ciapusci* v. *Clark,* and others can have no controlling influence in the construction of the contract here under consideration.

In *Perkins* v. *Stockwell, supra,* the stipulation as to time of removal was, "Except reserving all the pine trees or pine timber thereon standing or to stand and grow thereon for the term of ten years from October 30, A. D. 1867, and longer by paying said Stockwell ten dollars per year after the expiration of ten years aforesaid;" and the court held that the right of the grantor to the pine timber was lost by his failure to elect to have them stand and grow, longer, by any offer of payment of the $10 to Stockwell for more than a year after the expiration of the ten year period. It is to be observed that by the express terms of the contract

the payment of the ten dollars per year was to be made "after the expiration of the ten years"; and the opinion of the court said: "It was for them (grantors in the deed) to determine at the end of the ten years whether they desired to secure the further right to which they were entitled. They could only do this in the mode prescribed by the reservation. Whether they should make this payment at the moment or close of the year need not be considered, as no suggestion of payment was made until more than a year after the expiration of the ten years."

The language of the contract construed in that case was quite different in its import and meaning from that appearing in the contract in the instant case with respect to additional time for the removal of the timber.

In a number of cases decided by the Supreme Court of North Carolina, the same view is taken of these timber deeds or contracts that this court has uniformly taken, viz., that by correct interpretation they convey to the grantees an absolute estate in the timber, determinable as to all of the timber not cut and removed within the stipulated period. Among the cases decided by the North Carolina court adverted to is, *Bateman* v. *Kramer Lumber Co.,* 154 N. C. 248, 70 S. E. 474, 34 L. R. A. (N. S.) 615, where a deed conveying standing timber on a certain tract of land stipulated that the grantees should have two years in which to cut and remove the timber," and in the event they do not cut it off in that time, they shall have one year's time thereafter in which to remove the same by paying to the party of the first part interest on the purchase money for said extension time: *held,* that, if the parties of the second part desired an extension of one year, it was a condition precedent to the obtaining of the extension to claim the privilege before the expiration of the two year period, and notify the party of the first part the owner of the property, and tender the stipulated amount required for the extension.

See, also, *Powers* v. *Angola L. Co.*, 154 N. C. 405, 70 S. E. 629.

In the still later case, decided by the same court in 1912, of *Rountree* v. *Cohn-Bock Co.*, 158 N. C. 153, 73 S. E. 796, construing a deed or timber contract quite similar to the one here under consideration, in its provisions as to time within which the timber might be cut and removed and as to how the grantee or purchaser of the timber might acquire such additional time as might be required, not exceeding three years, to remove the timber, the opinion of the court says: "It is well settled that the legal effect of the first clause in the deed to the Gay Lumber Co. conveying the timber with the right to remove the same in five years, is to convey all the timber which the vendee should remove within the prescribed time, and that such as remained thereon after that time would belong to the vendor, or to his grantee of the premises. *Hornthal* v. *Howcott*, 154 N. C. 228, 70 S. E. 171; *Powers* v. *Lumber Co.*, 154 N. C. 407, 70 S. E. 629.

"It was also decided at the last term, in *Bateman* v. *Kramer Lumber Co.*, 154 N. C. 248 [70 S. E. 474, 34 L. R. A. (N. S.) 615.] * * * that the correct interpretation of a clause extending the time within which the timber may be removed requires of the grantee, claiming the privilege, that he notify the owner of the property of his intention to exercise it, and that he pay or tender the stipulated amount on or before the expiration of the first period granted for the removal of the timber. It follows, therefore, from these authorities and upon the admissions that no notice was given to the grantors in the deed to the Gay Lumber Co. of an intention to exercise the privilege of extending the time for the removal of the timber, and that no money was paid or tendered on or before the expiration of the first period; that the defendant has no title to or interest in the timber, unless there is

something in the deed which requires the application of a
different doctrine.

"The defendant contends there is a clause in the deed,
not to be found in any of the timber deeds construed by this
court, and relies upon that part providing that, 'The said
parties of the second part, their heirs and assigns, shall
have power, and are hereby authorized at any time during
the period last aforesaid to enter upon the lands, etc.'   In
our opinion, that clause does not have the effect of waiving
any of the conditions necessary to make the extension
clause effective, but does define what may be done under it
after the conditions have been performed.   The 'period last
aforesaid' has never had any existence because of failure
to give notice and to pay or tender the stipulated amount,
and the defendant cannot justify an entry on the land
thereunder.

"We therefore conclude that there is no error in the
judgment restraining the defendant from entering on said
lands and cutting the timber therefrom."

An analogous case is *Boring L. Co.* v. *Roots*, 49 Or. 569,
90 Pac. 490, where it is held that a party must prove the
allegations or claims on which he relies, and if rights are
conditional he must prove a compliance with the conditions.
In the opinion of the court in that case it is said: "Plain-
tiff, however, contends, that on December 30, 1902, it was
granted by defendant an extension of time, amounting to
one year, in which to take off the timber, and the record
does contain a writing signed by the defendant to that
effect, but it is conditional not absolute.   The condition is
'in case O. A. Palmer keeps operating the mill at Boring
Junction under his contract with F. S. Morris.'   This is a
condition precedent, and there is no evidence in the record
that the condition was complied with so as to make the
extension operative."

The rule of construction of timber deeds or contracts followed in the cases cited imposes no unreasonable burden or hardship upon the grantee or vendee in such deeds or contracts. Those cases are directly in point here, and the ruling therein rests upon sound and logical reasoning. Not only so, but in the very terms of the contract we have under consideration, as would seem clear, appellants could only secure the privilege of removing the timber after the five year period, fixed in the contract as the time limit for the removal of the same, expired, by notice given to appellees of their intention to exercise that privilege and paying or tendering the stipulated amount required to be paid for the extension on or before the expiration of the first-named period granted in the contract. It is admitted that no notice was given by appellants to appellees of an intention to exercise the privilege of extending the time for the removal of the timber, nor was the stipulated amount of money required to be paid for the extension paid or tendered to appellees on or before the expiration of the first period of five years, so that an extension of that period has never had any existence. If appellants could wait over ninety days before giving such notice and paying or tendering the money to be paid by them for an extension of time for the removal of the timber, they could have as well waited till the end of the year following the expiration of the five year limit of the time and thus left appellees in suspense as to their right to dispose of their timber, and as to the use they could make of their land upon which the timber is standing. No duty was imposed upon appellees in their contract with appellants with respect to an extension of the time for the removal of this timber, other than to grant an extension not to exceed five years upon proper demand being made of them for the extension and the payment or tender of the stipulated amount therefor.

We are of opinion that the decree appealed from, ruling

that the appellants, upon the facts in the case, had no title to or interest in the timber in question after the expiration on July 5, 1910, of the five year period named in the contract between the parties, is plainly right, and, therefore, is affirmed.

*Affirmed.*