### 11724

#### A. C. TUXBURY LUMBER CO v. BYRD *ET AL.*

#### (127 S. E., 267)

1. LOGS AND LOGGING—GRANTEE OF TIMBER UNDER UNCONDITIONAL DEED TAKES FEE WITH RIGHT TO REMOVE AT ANY TIME.—Grantee of timber under ordinary deed, without conditions or limitations, takes fee simple estate in trees and timber, and in so much of the land as is necessary to sustain the timber, with right at any time to enter

and remove timber, though grant, limiting time for removal conveys but defeasible fee.

2. LOGS AND LOGGING—TITLE TO TIMBER NOT REMOVED WITHIN TIME ALLOWED HELD TO REVERT TO GRANTORS.—Where conveyance of timber provided "the time of this contract is 15 years from this date for the removal of said timber," *held,* on grantee's failure to make removal within such time, its interest ceased and determined, and title to so much of timber as was not removed reverted to grantors.

3. LOGS AND LOGGING—PROVISION FOR EXTENSION OF TIME FOR REMOVAL OF TIMBER STRICTLY CONSTRUED IN FAVOR OF GRANTOR.—Provision in contract for sale of timber for extension of time for its removal is unilateral in its obligation, partakes of nature of option, in which time is ordinarily the essence, and is strictly construed in favor of grantor or optionor.

4. LOGS AND LOGGING—RIGHTS OF GRANTEE OF TIMBER HELD TERMINATED BY EXPIRATION OF TIME FOR REMOVAL WITHOUT TENDER OF AMOUNT NECESSARY FOR EXTENSION OF TIME.—On failure of grantee of timber to remove it within time allowed, or within such time to tender payment of amount necessary for grant of "additional time," its title terminated on expiration of time allowed for removal and was not revived by a tender made 37 days later.

Before FEATHERSTONE, J., Bamberg, Fall term, 1923. Reversed and cause remanded for entry of judgment for defendants.

Action by the A. C. Tuxbury Lumber Company against Minnie L. Byrd and another. Judgment for plaintiff and defendants appeal.

*Messrs. Carter, Carter & Kearse,* for appellants, cite: *Tender and notice for extension of option:* 98 S. C., 8; 17 R. C. L., 1090; 70 S. E., 474; 55 S. E., 299. *The provision in question, conferring a privilege and unilateral in its obligation, partakes of the nature of an option and should be construed strictly:* 140 N. C., 485; 59 Ill., 298; 19 S. E., 540; 47 Mo., 517; 21 A. & E. Enc. L. (2nd Ed.), 931.

*Messrs. L. D. Lide* and *M. S. Connor,* for respondent, cite: *An agreement to pay a certain sum annually does not imply that such sum is to be paid in advance:* 63 L. R. A., 625; 90 S. C., 176; 78 S. C., 970; 97 S. C., 247; 92 S. E.,

271; 96 S. E., 717. *Where deed provides for an extension of time, notice is not necessary:* 86 S. E., 626. *Construction of contract as to payment in advance:* 86 S. E., 516. *Failure to comply:* 131 Mass., 529. *A tender of a joint debt to one of several creditors is a tender to all:* 38 Cyc., 157. *Joint warrantors:* 15 C. J., 1223; 70 S. E., 19.

March 19, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff, lumber company, brought action against the defendants, who by their deed had conveyed to said company the timber on a certain tract of land, to enjoin the defendants from cutting and removing the timber and for damages. Under the pleadings the general issue joined was that of title to the timber. The plaintiff secured a temporary injunction. On the trial of the cause the presiding Judge refused defendants' motions for nonsuit and for a directed verdict, and granted a motion for a directed verdict in favor of the plaintiff. The defendants' appeal challenges the correctness of the foregoing rulings.

The essential facts upon which the controversy turns are not in dispute. By their deed dated February 22, 1906, Minnie L. Byrd and Julien E. Byrd, conveyed to A. C. Tuxbury Lumber Company all the timber, both standing and fallen, on a certain tract of land. The deed contains the following time-limit provisions:

"The time of this contract is fifteen (15) years from this date for the removal of said timber, and to grant to the said A. C. Tuxbury Lumber Company such additional time as they may desire for cutting and removing said timber upon the payment of interest on the original purchase price, at the rate of six (6%) per cent. per annum, payable for each additional year, provided such additional time does not exceed ten (10) years, and the said A. C. Tuxbury Lumber Company agrees to surrender possession of said land, and cancel all of their rights hereunder, with the exception of maintaining and operating tram roads, railroads, and wagon

roads across the same, when they have removed all of the timber covered by this contract."

No timber was°cut or removed during the period of fifteen (15) years from the date of the deed, expiring February 22, 1921. No notice or expression, verbal or written, of a desire on the part of the lumber company to extend the contract was communicated to the Byrds on or before the expiration of the 15-year period. No offer or tender of payment of the interest on the original purchase price at the rate of 6 per cent, per annum for one or more years was made on or before the date of expiration of the 15-year period. There is no contention or suggestion that the non-action of the lumber company prior to the expiration of the 15-year period was due to any misleading representation or conduct of the Byrds. Subsequent to the expiration of the 15-year period, on April 1, 1921, about 37 days after the date of expiration, a representative of the lumber company, "saw" Mr. Julien E. Byrd "with reference to the additional time provided in the deed, and told him he wanted to give him a check or draft for the money." Mr. Byrd declined to receive the draft or check, saying that the time for payment had expired. Thereafter, in May and in June, 1921, the lumber company made, or attempted to make, formal tender to Julien E. Byrd of the sum of $360, the interest on the original purchase price at 6 per cent. per annum for the whole of the 10-year extension period. Prior to the commencement of this action, the Byrds had cut and removed some of the timber.

It is the contention of the respondent, sustained by the Circuit Court, that under the terms of this deed the provisions for the removal of the timber within a period of 15 years and for granting an extension of 10 years for such removal upon payment of an amount stipulated are to be construed as conditions subsequent, and that under the general rule that such conditions will be strictly construed in favor of the grantee, and will not be enforced to divest an

estate "further than may be absolutely required." *Hammond v. Ry. Co.,* 15 S. C., 10; 34. The lumber company's offer to comply with the conditions and the tender of payment within a short time after the expiration of the first 15-year removal period were a substantial and sufficient compliance, and that there had been no defeasance or forfeiture of the lumber company's title. The contentions of the appellants are, in substance, that the deed passed an interest in the timber or land which was divested by the failure of the lumber company to remove the timber within the time limit of 15 years from the date of the contract; that the provision for extension is a unilateral contract, in the nature of an option in which time is of the essence, which should be strictly construed in favor of the vendors or grantors; and that upon the failure of the lumber company to pay or tender payment of the stipulated consideration, or additional consideration, for the grant of an extension, prior to the expiration of the 15-year time limit, its right to the extension of time ceased and the obligation of the vendors terminated.

As has been well said by Buchanan, J., in *Smith v. Ramsey,* 116 Va., 530; 82 S. E., 189; 15 A. L. R., 32:

"There is scarcely any other subject upon which there is so great a diversity of judicial decision as in the construction of what are known as timber contracts. Not only have the Courts of different jurisdictions construed them differently, but the decisions of the same Court have not always been uniform."

While such diversity of decision is doubtless attributable largely to differences in opinion as to the nature of the contract—whether it is to be regarded as a license, lease or sale —even where the contract is considered to effect a sale, absolute or conditional, of the timber as an interest in the land, the decisions furnish no generally accepted test or theory by which to determine the force of a provision for the removal of the timber within a definite time limit, and

the effect upon the rights of the parties of a failure to remove within the time limited.

It may be regarded as settled in this jurisdiction that an ordinary deed, without conditions or limitations, conveying the standing timber upon a certain tract of land, conveys to the grantee a fee-simple estate in the trees and timber, and in so much of the land as is necessary to sustain the timber; and that the grantee under such a deed is not required to remove the timber within a reasonable time, but may at any time enter upon the land and remove the timber. *Knotts v. Hydrick,* 12 Rich., 314. *Wilson Lumber Co. v. Alderman & Sons Co.,* 80 S. C., 106; 61 S. E., 217; 128 Am. St. Rep., 865. It has further been expressly decided that a deed conveying the timber upon land, with the right and privilege of cutting and removing the timber within the period of 10 years from the date of the deed, grants 'a fee in the timber, defeasible upon failure to remove the same within ten years." *Hill v. Lumber Co.,* 90 S. C., 176; 72 S. E., 1085. In the case last cited the Court quoted with approval the following from the opinion of the West Virginia Court in the case of *Adkins v. Huff,* 58 W. Va., 645; 52 S. E., 773; 3 L. R. A. (N. S.), 649; 6 Ann. Cas., 246:

"The authorities are practically uniform in holding that an instrument granting standing timber, and containing a clause requiring or permitting it to be removed within a specified time from the date of the grant, gives no absolute and unconditional title to the property. Some Courts hold the right of the grantee to be a license, others a lease, and others a defeasible title to the timber. By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract."

In the *Hill Case* the Court further cites as authority for the view adopted the North Carolina case of *Lumber Co. v. Corey,* 140 N. C., 462; 53 S. E., 300; 6 L. R. A. (N. S.),

468. In that and in numerous other cases the North Carolina Court has held that an instrument of the character here under review "conveys a present estate of absolute ownership in the timber, defeasible as to all timber not removed within the time required by the terms of the deed." *Hawkins' Case,* 139 N. C., 162; 51 S. E., 852. In *Midyette v. Grubbs,* 145 N. C., 85; 58 S. E., 795; 13 L. R. A. (N. S.), 278, that Court after citing the authorities upon the foregoing proposition, adds:

"These authorities also clearly establish that, on the expiration of the time stated in such a contract within which the timber may be removed, all right in the vendee shall cease and determine, and the estate, in so much of the standing timber as has not by that time been severed, shall revert to the vendor; and both positions are upheld in numerous and well considered cases in other jurisdictions. *Macomber v. Detroit, L. & N. R. Co.,* 108 Mich., 491; 32 L. R. A., 102; 62 Am. St. Rep., 713; 66 N. W., 376. *Williams v. Flood,* 63 Mich., 493; 30 N. W., 93. *J. Neils Lumber Co. v. Hines,* 93 Minn., 505; 101 N. W., 959. *Strasson v. Montgomery,* 32 Wis., 52."

Applying the doctrine announced by the foregoing authorities, it was held by this Court in *Hill v. Lumber Co., supra:*

"The intention to limit the right to cut and remove the timber to 10 years from the date of the deed is so clearly expressed that there is no room for doubt. * * * As the 10-year limit for removal of timber under the above deed * * * expired June 28, 1909, it is clear that such deed affords no warrant for the acts of alleged trespass [by the lumber company, in cutting and preparing to remove timber] * * * on January 8, 1910."

In the deed before us the provision as to time for removal is thus expressed:

"The time of this contract is fifteen (15) years from this date for the removal of said timber," etc.

There can be no doubt, therefore, that under the views announced and applied in *Hill v. Lumber Co., supra,* at the expiration of the time thus limited, the rights of the grantee, the lumber company, ceased and determined and the title or estate in and to so much of the timber as had not been removed reverted to the grantors. It is true that if the estate granted be considered a fee determinable or defeasible the view that the failure to remove the timber within the time limited, *ipso facto,* results in a reversion of the estate to the grantor, would seem to be open to technical criticism. But, be that as it may, as stated by a recent annotator (15 A. L. R., 70):

"Where the contract specifies a time for the removal of the timber, the great majority of Courts hold that the rights of the purchaser terminate upon his failure to remove within the time stated, and reinvest in the owner of the land."

And in any view of the technical difficulties, if the limiting clause be construed, as it was construed in *Hill v. Lumber Co., supra,* as a clear expression of the intent of the parties that the right to take the timber should be limited to the time fixed, the conclusion squares with the fundamental rule of construction that the effect to be given a contract depends upon the intention of the parties. If, therefore, at the end of the 15-year period limited in the deed the title to the timber not removed and the estate of the grantee in the land reverted to and revested in the grantors, was the lumber company's offer to comply with the extension agreement, followed by tender of payment of the consideration, after the expiration of the 15-year period, sufficient to revive the contract of conveyance and to restore title in the timber to the lumber company? By reference to the language of the contract above set out, it will be observed that after fixing "the time for the removal of said timber," the agreement on the part of the grantors was "to grant to the said * * * lumber company such ad-

4—S. C. R.—151

ditional time as they may desire for cutting and removing said timber upon payment of interest on the original purchase price * * * payable for each additional year, provided such additional time does not exceed ten (10) years," etc.

The provision for extension, conferring a privilege 3, 4 and unilateral in its obligation, partakes of the nature of an option, in which time is ordinarily of the essence, and the accepted doctrine applicable to such contracts is that they should be strictly construed in favor of the grantor or optionor. *Bateman v. Kramer Lumber Co.,* 154 N. C., 248; 70 S. E., 474; 34 L. R. A. (N. S.), 615, citing a number of authorities: *Rountree v. Cohn-Bock Co.,* 158 N. C., 153; 73 S. E., 796. *Hartley v. Neaves,* 117 Va., 219; 84 S. E., 97. Applying that principle, we are of the opinion that a correct interpretation of the agreement for extension requires that the terms upon which the extension was to be granted should be complied with on or before the expiration of the specified period of 15 years for the removal of the timber. After the expiration of the 15-year period, and the consequent reversion to the grantors of the title to the timber and the estate in the land, there was no longer any period for removal to be added to or extended. There could be no extension of a period which had already expired. The agreement was to grant "additional time" for removal under the contract of sale and conveyance—not to revive or renew the contract, and thus in effect reconvey the timber, after the expiration of the time during which the title, with right of removal, was in the lumber company. There is no express provision in the contract as to the time of payment for the extension which could reasonably be construed to indicate an intention that the consideration for the additional time should not become payable until after the expiration of the time limit for removal. See *Matheson v. Lumber Co.,* 95 S. C., 352; 78 S. E., 970. *Beaufort County Lumber Co. v. Johnson et al.,* 107 S. C.,

147; 92 S. E., 271. *Bethea v. Lumber Co.*, 111 S. C., 97; 96 S. E., 717, where the language of the contracts was susceptible of that construction.

It follows that the offer of the lumber company to comply with the terms of the agreement as to extension, by paying or tendering payment of the stipulated consideration, after the expiration of the 15-year period, could not operate to divest the Byrds of the ownership of the timber or to restore to the lumber company any such title thereto as would sustain the cause of action herein sought to be enforced. *Hartley v. Neaves, supra. Granville Lumber Co. v. Atkinson* (D. C.), 234 F., 424. *Bateman v. Kramer Lumber Co., supra. Rountree v. Cohn-Bock Co., supra.* The motion for the direction of a verdict in favor of the defendants should have been granted.

The precise question here presented, under the terms of an essentially similar contract, has not been expressly decided by this Court. But the views announced in *Minshew v. Lumber Corporation*, 98 S. C., 8; 81 S. E., 1027 (Mr. Justice Watts), as to the necessity for the payment of the consideration for an extension before the original time limit expires, where there is no express provision to the contrary, are in entire harmony with the conclusion reached in the case at bar. See, also, *Gray v. Lumber Co.*, 102 S. C., 289; 86 S. E., 640.

The judgment of the Circuit Court is reversed, and the cause remanded, for the entry of judgment in favor of the defendants under rule 27 of this Court.

Reversed.

Messrs. Justices Watts and Fraser and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Chief Justice Gary and Mr. Justice T. P. Cothran did not participate.