8632

MATHESON v. MARION COUNTY LUMBER CO.

DEEDS.—THE TIMBER CONTRACT in question construed to mean that if within ten years from its date, the grantee pay the grantor six per cent. per annum on the contract price the term for removing the timber may be extended for ten years.

Before Jos. A. McCULLOUGH, special Judge, Marlboro, December, 1912. Affirmed.

Action by G. D. Matheson against Marion County Lumber Company. Defendant appeals.

*Messrs. Townsend & Rogers* and *M. C. Woods,* for appellant, cite: *Rules of construction:* 23 S. C. 232; 2 Strob. 156; 42 S. C. 45; 79 S. C. 168.

*Messrs. Stevenson, Stevenson & Prince,* contra, cite: *A subsequent act will not recall life into an expired estate:* 90 S. C. 179, 163; 52 S. E. 773; 55 L. R. A. 513; 6 L. R. A. (N. S.) 469. *Exceptions to the rule requiring deed to be construed most strongly against grantor:* 2 Kent. 556; 17 Ency. 14; 127 Am. R. 125; 21 Ency. 924; 144 U. S. 402; 70 S. E. 474, 629.

August 1, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. The appellant makes the following very clear statement of his case:

"On December 12th, 1896, A. J. Matheson conveyed to Cape Fear Lumber Company the timber on certain lands. The deed of conveyance contained the following provison:

" 'The Cape Fear Lumber Company shall have ten years from the 30th of September, A. D. 1898, to cut and remove said timber, and if at the end of that time they have not removed said timber, then by payment of six per cent. per annum upon the said purchase price, within the next ten years or till said timber has been removed, they can have and may take ten years longer to remove said timber.'

"On August 24, 1911, the plaintiff, G. D. Matheson, successor in title to A. J. Matheson, brought this action against Marion County Lumber Company, the successor in title of Cape Fear Lumber Company, for the removal of a cloud upon his title, alleging:

" 'That neither the Cape Fear Lumber Company nor its successors and assigns nor the defendant exercised the rights under said deed to cut and remove said timber, or any of the other rights granted therein, upon the tracts owned by the plaintiff, or upon the other tracts mentioned in said deed during the time limited; nor did they procure an extension of said term during its currency or at all, and all rights which are purported to have been conveyed in said deed have determined and the said timber and easements have reverted, and are now the property of the plaintiff.'

"The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it appeared from the face of the complaint that the time limit of the grant had not expired. His Honor, Jos. A. McCullough, special Judge presiding at the Fall term of the Court of Common Pleas for Marlboro county, overruled the demurrer, and the case now comes before this Court on the exceptions set forth in the record to the decree of his Honor.

"In reaching a conclusion as to the proper construction of the grant before the Court, we first desire to call the atten-

23—95

tion of the Court to the fact that the principles announced by the Court in *Flagler* v. *Lumber Corporation,* 89 S. C. 328, and the other cases construing grants with wording similar to the wording of the grant in the Flagler case, have no application whatever to the case now under consideration, and the principle for which we now contend in nowise conflicts with the principles already announced by the Court in such cases. The question the Court is now called upon to answer is, when the interest money should be paid under the words:

" 'The Cape Fear Lumber Company shall have ten years from the 30th of September, A. D. 1898, to cut and remove said timber, and if at the end of that time they have not removed said timber, then by the payment of six per cent. per annum upon said purchase price, within the next ten years, or till said timber has been removed, etc.' "

Appellant is correct in his contention that the intention of the parties as expressed in the instrument governs and that the province of the Court does not extend to the reformation of improvident contracts, but to the enforcement of such contracts as the parties have made. It must be remembered that the whole instrument must be considered and except in rare instances, one clause must not dominate the whole. If the rule was different the appellant has not and has never had any right to the timber itself. The grant is, "timber ways, rights of ways and easements." There is no grant of the timber itself in the granting clause and only when the instrument is considered as a whole and its intention liberally construed is there a conveyance of the timber. The appellant claims that it has ten years after the expiration of the original term in which to pay the interest, or the Court must disregard the words, "within the next ten years." In other words, appellant claims that it can pay interest at the rate of six per cent. per annum at any time within ten years from the date of the expiration of its original term, and that extends the term for an additional term of ten years. If

the contract had said "at the rate of six per cent. per annum," another question would be presented. The contract does not say that. It says, "then by the payment of six per cent. per annum * * * within ten years or till said timber has been removed." It is not claimed that the right to revive the contract extended beyond the additional ten years, yet if the removal was within the ten years, then the payment of interest was *"till"* removal. *"Till"* carries with it the idea of continued action, so that, if the removal was within the ten years, there must have been continuous payments of interest or the right to revive was gone. If the payment of the interest was not made within ten years, the right was gone. So, the only way to keep the second term alive was by the payment of six per cent. per annum, according to the contract. The demurrer admits that it has not been done. "Per annum" means "by the year." Rapalge & Lawrence Law Dictionary.

Now substitute the meaning and we have : "The Cape Fear Lumber Company shall have ten years from the 30th of September, A. D. 1898, to cut and remove said timber, and if at the end of that time they have not removed said timber, then by the payment of six per cent. *by the year* upon said purchase price, within the next ten years or till said timber has been removed, etc."

So, we see that the contract that these people made for themselves, is a contract that requires a payment of interest by the year in order to keep alive the extended time.

The judgment overruling the demurrer is sustained.

MESSRS. JUSTICES HYDRICK and WATTS *concur in the result.*