In re **GRANDOTE COUNTY CLUB CO., LTD., Debtor** in foreign proceeding.

Hideki **KOJIMA, Foreign Representative for the estate of Grandote County Club Co., Ltd.; and Mountain Investment Corp., Plaintiffs,**

v.

**GRANDOTE INTERNATIONAL LTD. LIABILITY CO.; Shirley Zubal,** in her official capacity as the Treasurer for Huerfano County, Colorado; **RTV LLC,** a Colorado Limited Liability Company; **Dwight A Harrison; Paul D. Harrison; Shirley Zubal,** in her official capacity as the Public Trustee of Huerfano County, Colorado; **The Resolution Trust Corporation,** as Receiver for First Federal Savings and Loan Association of Estherville and Emmetsburg; **Tsukasa Yoshii,** aka **Duke Yoshii; Koichi Hashimoto; The United States of America Internal Revenue Service;** and **Wahatoyas, LLC, Defendants.**

Civil No. 95–B–1863.
Ancillary No. 94 003 MSK.
Adversary No. 95 1322 DEC.

United States District Court,
D. Colorado.

May 6, 1997.

Nancy D. Miller, Denver, CO, Tom H. Connolly, Brian P. Halloran, Connolly & Halloran, P.C., Boulder, CO, for plaintiffs.

Gerald D. Sjaastad, Colorado Springs, CO, Frederick J. Lewis, Laura B. Redstone, Senn, Lewis, Visciano & Strahle, P.C., Denver, CO, Harry L. Simon, Denver, CO, Arthur P. Yoon, U.S. Dept. of Justice, Tax Division, Washington, DC, Dean T. Ogawa, Colorado Springs, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is a case about a golf course. Anyone who has taken up the game of golf, seriously or not so seriously, can appreciate the complexity of the game. Anyone who has played the game will acknowledge, sympathetically, the pain and agony that goes with it as the ball is wont to stray frequently from fairway to rough or even from the golf course itself. As will be seen from the tortured and complex history of litigation here, the pain of the game of golf pales in comparison. At least the golfer can eventually expect to hole out on the 18th green and retire to the 19th watering hole to heal wounds. No such certainty attends this litigation. Even so, I'll tee it up, take a swing and see where the issues now before me land.

Defendants RTV LLC, a Colorado Limited Liability Company (RTV) and Wahatoyas LLC (Wahatoyas) move for summary judgment on the claims of plaintiff Hideki Koji-ma, ( Kojima or Trustee) foreign representative for the estate of Grandote Country Club Co., Ltd. (Grandote Japan) and plaintiff Mountain Investment Corp. (Mountain Investment). Separately, defendants Grandote International Ltd. Liability Co., Dwight A. Harrison (D.Harrison), and Paul D. Harrison (P.Harrison) (collectively, Grandote Colorado) move for summary judgment on claims two, three, and five. After consideration of the motions, briefs and oral argument I will grant summary judgment as to all defendants on claims one and three. I will hold in abeyance the motions for summary judgment on claims two, four, five, and six.

I.

### STATEMENT OF THE FACTS

The following facts are undisputed unless otherwise noted. Plaintiff Kojima is the trustee in a Japanese insolvency proceeding for the estate Grandote Japan. Second Amnd. C/O ¶ 1. Plaintiffs seek to set aside certain transfers involving a golf club and related property located in La Veta, Colorado (Property), and to quiet title to the Property in the Trustee, who has agreed to sell to plaintiff Mountain Investment for $400,000.00 any interest acquired by Grandote Japan in Adversary Proceeding 95–1322 DEC. *Id.* at ¶ 3.

Plaintiffs' claims to the Property arise from a series of events that began in the latter half of 1989. During that time, Grandote Colorado failed to pay Colorado taxes on the Property. On November 13, 1990, the Huerfano County Colorado Treasurer, defendant Shirley Zubal (Treasurer), offered for sale the tax liens encumbering the Property (Tax Sale). No one purchased the tax liens at the Tax Sale. Tax certificates (Certificates) encumbering the Property were then "struck off" to Huerfano County (County). *See e.g.* MSJ Brief Exh. 1.

Around March 21, 1991, D.Harrison agreed to sell most of the Property to a Japanese citizen, Koichi Hashimoto (Hashimoto), while retaining certain interests for himself. *Id.;* Exh. 2, Purchase and Sale Agreement (Hashimoto Agreement); Second

Amnd. C/O 1 37. The Hashimoto Agreement contained an acknowledgement that taxes on the Property were delinquent. MSJ Brief Exh. 2.

Around June 25, 1991, Grandote Colorado and Hashimoto entered into an "Amendment to Sale and Purchase Agreement" which acknowledged that at closing, the Property would remain encumbered by unpaid taxes and assessments for 1989, 1990, and 1991. MSJ Brief Exh. 3 at ¶ 1. Around June 30, 1991, Hashimoto closed on his purchase of the property. MSJ Brief, Exh. 4, Memorandum of Sale and Purchase Agreement. By deed recorded February 1, 1993 in the County real property records, Hashimoto conveyed the Property to Grandote Japan, still subject to the unpaid property tax liens. *See* MSJ Brief Exh. 5; Second Amnd. CIO ¶ 44.

In December, 1993, D.Harrison filed an involuntary Chapter 11 proceeding in the United States Bankruptcy Court for the District of Colorado, 93–23076 PAC, against Grandote Japan, apparently in an attempt to forestall the pending foreclosure of a note encumbering the Property which was issued by Grandote Colorado in favor of the First Federal Savings and Loan Association of Estherville and Emmetsburg (Emmetsburg Note). Second Amnd. C/O ¶ 53. The foreclosure action was filed by defendant Resolution Trust Corporation (RTC) which acquired the Emmetsburg Note when the bank holding it went into receivership. Defendant Wahatoyas eventually purchased the Emmetsburg Note from the RTC. In April 1994, the Trustee filed a "motion to convert or dismiss," and the RTC filed a "motion to dismiss the U.S. Bankruptcy Action" in the involuntary Chapter 11 proceeding. Second Amnd. C/O ¶ 56. The Bankruptcy Court entered the dismissal order on May 31, 1994. *Id.*

In the meantime, Grandote Japan purportedly conveyed its interest in the Property to Grandote LLC (Japan to Colorado transfer) by general warranty deed dated May 2, 1994 which was recorded in the County's real property records on May 23, 1994. MSJ Brief, Exh. 7. Defendants contend that Grandote LLC is run by Harrison's sons. At the time of the Japan to Colorado transfer, taxes on the Property remained outstanding.

On July 8, 1994, the County assigned to Wahatoyas the previously unsold Certificates issued pursuant to the Tax Sale. *See* MSJ Brief Exh. 1. Wahatoyas paid all outstanding taxes, interest and costs. MSJ Brief, Exh. 8, *RTV, L.L.C. v. Grandote International Ltd. Liability Co.,* 937 P.2d 768 (Colo.App.1996), *cert. pending,* 95 S.C. 352 (Colo.1996).

Around July 28, 1994, Grandote Japan filed a voluntary petition for liquidation in Japan (Japanese Bankruptcy). Pursuant to this petition, on September 1, 1994, Kojima was appointed as Trustee in the Japanese Bankruptcy. Second Amnd. C/O ¶ 5. In October 1994, defendant Wahatoyas assigned the tax certificates to defendant RTV. *RTV, L.L.C.,* 937 P.2d 771–72. Also in October 1994, after expiration of a three-year statutory period, RTV applied for the issuance of treasurer's deeds (Deeds) to the Property based on its Certificates. Pursuant to sections 39–11–120 and 39–12–103, C.R.S., the Treasurer issued initial notice of RTV's application for the issuance of the Deeds.

On October 25, 1994, Grandote Japan filed a "petition in a case ancillary to a foreign proceeding," Case No. 94–003 SBB, in the Bankruptcy Court. (Ancillary Proceeding). In its petition, Grandote Japan claimed that the Japan to Colorado transfer was voidable and that Grandote Japan still held legal and equitable interests in the Property. *See In re Petition of Hideki Kojima,* 177 B.R. 696, 697 (Bankr.D.Colo.1995).

On November 3, 1994, Kojima as Trustee apparently notified the Treasurer that its notice regarding issuance of the Deeds was defective. Attorney's Aff. ¶ 4. On January 16, 1995, the Treasurer re-noticed the issuance of the Deeds. It is undisputed that the Trustee received a copy of the re-notice. The re-notice stated that unless the Property was redeemed, the Deeds would issue on April 22, 1995. MSJ Brief Exh. 10.

On February 17, 1995, the Bankruptcy Court issued an opinion in Ancillary Proceeding 94–003 SBB, in which it authorized the Trustee to pursue any fraudulent or prefer-

ential transfer claims, or other litigation to establish the rights of creditors in property of Grandote Japan's estate in the Japanese liquidation action. The Bankruptcy Court also authorized the Trustee to pursue a declaratory judgment as to the various interests in the Property asserted by many entities. *See Kojima,* 177 B.R. at 704.

On March 1, 1995, Grandote Colorado filed Case No. 95 CV 25 in the Huerfano County District Court seeking to enjoin the issuance of the Deeds (State Injunction Action). Grandote Colorado, the Treasurer, and RTV entered into a stipulation in this action whereby the Deeds would issue only if the Huerfano County District Court denied the requested injunction. MSJ Brief, Exh. 11.

On May 11, 1995, the Trustee entered into an "Agreement for Purchase and Sale of Assets" with plaintiff Mountain Investment in which Mountain Investment agreed to pay the Trustee $400,000.00 in return for receiving any interest in the Property the Trustee might acquire through Ancillary Proceeding No. 94–003 SBB. Second Amnd. C/O Exh. A.; *see* Second Amnd. C/O ¶ 65.

On May 19, 1995, the Huerfano County District Court held a hearing in the State Injunction Action after which it denied Grandote Colorado's application for an injunction. The court found that Grandote Colorado had another available remedy because it could have redeemed the Property but did not. MSJ Brief Exh. 12, ¶ 9.

Also on May 19, 1995, the Trustee filed in Ancillary Proceeding No. 94–003 SBB an *ex parte* "motion seeking to enjoin issuance of Treasurer's Deed by Treasurer of Huerfano County, Colorado." The same day, the Bankruptcy Court refused to grant the motion without notice to the affected parties and set the matter for a hearing on May 25, 1995. Also on May 19, 1995, the Trustee filed Adversary Case No. 95–1322 DEC in the Bankruptcy Court.

On May 22, 1995, Grandote Colorado filed Case No. 95CV46 in the Huerfano County District Court seeking mandamus to prevent the issuance of the Deeds (Mandamus action). Grandote Colorado asked the Huerfano County District Court to compel the Treasurer to accept redemption funds it had attempted to pay to the Treasurer at the end of the State Injunction action hearing held on May 19 1995. MSJ Brief, Exh. 12. In the meantime, between May 19 and May 22, 1995, the Treasurer issued the Deeds to RTV. *Id.* at ¶ 6; MSJ Brief Exh. 13. On May 25, 1995, the Ancillary Proceeding No. 94–003 SBB parties informed the Bankruptcy Court that the Bankruptcy Injunction Motion was moot.

Meanwhile, on June 19, 1995, RTV brought a forcible entry and detainer action (FED action) in the Huerfano *County* Court, case no. 95CO56, seeking possession of the Property based on the Deeds. *See* Colo.App. Op, *1. The FED action was transferred to the Huerfano County District Court, after Grandote Colorado contested the FED action by challenging the validity of the issuance of the Deeds under Colorado law.

On July 20, 1995, in Mandamus action no. 95CV46, the Huerfano County District Court granted summary judgment in favor of the Treasurer and against Grandote Colorado. The court found that the stipulation entered into by the parties before the State injunction action hearing did not extend the time available for Grandote Colorado to redeem the Property, but merely stayed issuance of the Deeds until the court ruled on the State Injunction Action, 95CV25 on May 19, 1995. MSJ Brief Exh. 12. ¶ 5.

On July 20, 1995, the Huerfano County District Court tried 95CO56, the FED action, in which it found the Deeds valid, and awarded possession of the Property to RTV. Grandote Colorado appealed this ruling to the Colorado Court of Appeals. On May 2, 1996, the Court of Appeals affirmed the Huerfano County District Court ruling. Thereafter, the Colorado Supreme Court accepted Grandote Colorado's petition for writ of certiorari on the issue of the validity of RTV's Deeds. As of May 2, 1997, the Colorado Supreme Court has issued no opinion in that case.

On May 19, 1995, plaintiffs Kojima and Mountain Investments filed case no. 95–B–1863 in the United States District Court. Upon Grandote Colorado's motion, on October 23, 1995, I withdrew the Order of Reference to the Bankruptcy Court in Adversarial

Proceeding No. 95 1322 DEC and joined it to case no. 95–B–1863.

## II.

### *PLAINTIFFS' CLAIMS*

Claim One: The nature of the claim is not stated nor do plaintiffs specify against which defendants "claim one" is brought. Plaintiffs appears to seek something in the nature of a declaratory judgment that the transfer of debtor's (Grandote County Club Co., Ltd.) property to RTV LLC is a gratuitous act under Japanese bankruptcy law and avoidable by the Trustee. Plaintiffs also seek an Order setting aside the Treasurer's Deeds pursuant to Article 72 of the Japanese bankruptcy law. Second Amnd. C/O p. 14, Prayer for Relief, subsection (a).

Claim Two: "Setting Aside Fraudulent Transfer pursuant to the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38–8–101 *et seq.*" Plaintiffs fail to state against which defendants Claim Two is brought.

Claim Three: "Setting Aside the Unauthorized Post-petition Transfer of the Property to Grandote LLC as a Fraudulent Transfer under Japanese Bankruptcy Law"

Claim Four: "Turnover of Property and Proceeds of Property of the Estate in the Foreign Proceeding Pursuant to 11 U.S.C. § 304(b)(2) and Accounting of Same by Dwight Harrison and Grandote LLC"

Claim Five: "Fraud as Against Yoshii and Hashimoto"

Claim Six: "Quiet Title as Against All Defendants"

## III.

### *SUMMARY JUDGMENT STANDARD*

The very purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## IV.

A. *Motion for Summary Judgment of RTV and Wahatoyas*

 1. *Applicability of Japanese Bankruptcy Law on the grounds of comity and choice of law principles*

Plaintiffs seek to set aside the transfer of the Property by Treasurer's Deeds to RTV by applying Japanese bankruptcy law to determine the validity of the Deeds issued. When the Deeds were issued, the Bankruptcy Court had not issued a stay or injunction preventing the issuance of the Deeds. Indeed, only the Japanese proceeding and the Ancillary Proceeding were pending when the Deeds issued in favor of RTV.

■■■ The Ancillary Proceeding does not entitle the Trustee to the automatic stay available in United States bankruptcy cases. An ancillary proceeding pursuant to 11 U.S.C. § 304 is a limited proceeding designed to aid a foreign action *See Kojima,* 177 B.R. at 696; *Cunard S.S. Co. Ltd. v. Salen Reefer Services AB,* 773 F.2d 452, 454–55 (2d Cir.1985).

 a. *Comity*

■■■ Comity has been defined historically as:

> [n]either a matter of absolute obligation on the one hand, nor a mere courtesy or goodwill, upon the other ... [b]ut ... the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.

*Hilton v. Guyot,* 159 U.S. 113, 164, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895); *Cunard,* 773 F.2d at 454–55. "Comity is to be accorded a decision of a foreign court as long as that court is of competent jurisdiction and as long

as the laws and public policy of the forum state are not violated." *In re Culmer,* 25 B.R. 621, 624 (Bankr.S.D.N.Y.1982). Comity may be considered in the granting of relief in an ancillary proceeding pursuant to 11 U.S.C. § 304. However, comity "does not require a United States court to defer to a foreign tribunal where United States law applies in determining the property rights of a U.S. citizen who is asked to turn property over to the estate of a bankrupt in a proceeding in a foreign jurisdiction." *Philadelphia Gear Corp. v. Philadelphia Gear De Mexico, SA.,* 1995 WL 625670, *3 (E.D.Pa.1995).

 Specifically, "state law determines the 'nature of a debtor's interest' in a given item," and property interests "have an independent legal source, antecedent to the distributive rules of bankruptcy administration." *In re Koreag, Controle Et Revision S.A.,* 961 F.2d 341, 349 (2d Cir.1992) (citations omitted); *see also In re Spanish Cay Co., Ltd.,* 161 B.R. 715, 725 (Bankr.S.D.Fla.1993)("a basic tenet of international law [is that] real property should be governed by the laws of the country in which the property is located"). Title 11 U.S.C. § 304(b)(2) authorizes turnover only of "property of such estate, or proceeds of such property." This language presupposes an initial determination of property interests as a condition to the turnover of property to a foreign representative. *Koreag,* 961 F.2d at 348. Thus, before a particular property may be turned over pursuant to § 304(b)(2), local law is applied to determine whether the debtor has a valid ownership interest in the property when the issue is properly raised by an adverse claimant. *Id.* at 349. The issues in this case are firmly rooted in Colorado realty branching into United States bankruptcy law. Consequently, in keeping with principles of comity, I will not apply Japanese bankruptcy law.

b. *Choice of Law*

 Federal principles of choice of law apply in cases arising out of federal law. *Id.* at 350 citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 795 (2d Cir.1980) *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). This is "especially appropriate [in] a case . . .

implicating important federal bankruptcy policy." *Id.*

 The federal common law choice-of-law rule applies the law of the jurisdiction having the greatest interest in the litigation. *Id.* Similarly, the State of Colorado applies the law of the jurisdiction with the "most significant relationship" to the transaction at issue. *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 447, 601 P.2d 1369, 1372 (Colo.1979).

 Both Japan and Colorado have an interest in this litigation. The Property is located in the State of Colorado and all of the Deeds to the Property were recorded in the Huerfano County, Colorado property records. The Hashimoto Agreement was executed in Colorado. MSJ Brief, Exh. 2, p. 25. However, Japan also has a valid interest in the administration of its bankruptcy estate. The Trustee is concerned with marshalling Grandote Japan's assets and looking after the interest of Grandote Japan's creditors. Undoubtedly, the Japanese bankruptcy proceedings and estate will be affected by the outcome of this dispute.

Colorado's interests relate to the underlying claims to the Colorado realty, the corresponding rights of the parties, and the conduct giving rise to this and other litigation in Colorado State and Federal Courts. Colorado has a significant public policy interest in collecting state taxes due on the Property. Colorado also has an overriding interest in maintaining certainty of title through orderly and predictable process by which deeds are executed, delivered, recorded. In contrast, Japan's primary interest is in defining and protecting the property interest of its citizens. Allowing Japanese bankruptcy law to determine the validity of Colorado instruments of conveyance would undermine the bedrock property principle of title certainty. Certainty as to title of property acquired by tax deed fosters Colorado's interest in attracting willing and able tax sale purchasers and, thus, collecting property taxes due. Indeed, the Tenth Circuit has declined to avoid a transfer by tax deed even under U.S. bankruptcy law. *See In re Slack–Horner Foundries Co.,* 971 F.2d 577, 581 (10th Cir.1992). Here, I hold that Colorado law rather than

Japanese law applies in determining the validity of the Deeds. This holding, as a matter of law, undermines plaintiffs' first and third claims entitling all defendants to summary judgment on these claims.

### 2. *Claims Two, Four, and Six*

 RTV and Wahatoyas deny that the Trustee has superior title to the Property. Defendants assert that the issuance of the Treasurer's Deeds vested title in RTV. PTO p. 8, C(1). The Colorado Court of Appeals has upheld the validity of RTV's tax deeds. *RTV, L.L.C.*, 937 P.2d 768. The Colorado Supreme Court granted a petition for a writ of certiorari and its decision remains pending.

Plaintiffs argue it is premature for me to rule on defendants' RTV LLC and Wahatoyas motion for summary judgment as to matters which will be affected by the Colorado Supreme Court's ruling. Also, in their briefs, RTV LLC and Wahatoyas express concern about the expenditure of time and money on a trial that may be rendered wholly unnecessary if the Colorado Supreme Court affirms the Colorado Court of Appeals. RTV and Wahatoyas state that "this Court should refrain from ruling on the Motion pending the outcome of the Petition." I agree because if the tax deeds are held to be valid we likely will have holed out on the 18th and can retire to the 19th hole. If not, we'll all continue to hack away for some time to come.

ACCORDINGLY, it is ORDERED that:

1. defendants' motions for summary judgment are GRANTED on plaintiffs' claims one and three; and

2. defendants' motions for summary judgment are HELD IN ABEYANCE as to plaintiffs' claims two, four, five, and six.